Browne, J.
The action is in its nature penal, being to charge the three defendants sued as trustees of a corporation, personally, with the debt of the corporation upon the ground of its failure to file its annual report. The complaint alleges that the three defendants were trustees of the corporation. The defendants answered separately, each interposing a different defense, the defendant Woodward being silent in his *129 answer on the subject of his trusteeship, neither denying nor in terms admitting the allegation.
An order to examine him before trial was granted and the two questions asked, which are involved in this appeal, were : First. “ Who were the other acting directors of the company at the beginning of the year 1882 ? ” And the second: “ Who were the acting directors, who continued to act during 1882, from the beginning of the year until the 1st day of July, 1883 % ” Both questions the witness declined to answer on the ground that the answer would expose him to a penalty. The court overruled his objections to answer and he appeals from such ruling. The learned justice bases his ruling on the ground that the witness had, by his answer interposed to the complaint, admitted his trusteeship and thus settled the question of exposing himself to a penalty; and further, that by this admission he had waived his privilege.
My opinion is that the questions propounded to the witness were objectionable. The examination of his pleading will disclose that the witness did not, in terms, admit his trusteeship, his admission being inferred from his failure to deny the allegation in the complaint. His answer is silent on the subject; but for the purpose of pleading and of the issues to be tried, his silence is to be taken as an admission that he was such trustee at the times alleged in the complaint; and no doubt a like rule applies to his silence in respect to the plaintiff’s allegation that the other defendants were also trustees, but this admission does not involve more than the first pleaded. To the facts pleaded in the complaint, upon which the answer is silent, the defendant will not be heard to deny. Hence, there is no necessity for interrogating him as to those facts, and beyond them he is protected.
I am convinced, however, that the questions he is asked to answer are more comprehensive than a mere inquiry as to whether the other named defendants were trustees, and the form of the questions suggests to me an attempt on the part of the plaintiff to discover if others than the parties named *130 were trustees. To name other trustees or directors of the company, covering the period when the witness was trustee, would be to furnish the plaintiff with evidence upon which to base a prosecution against them for a penalty sued for, which, if recovered against the persons so disclosed by the witness, would render the latter liable to contribute as co-trustees towards the payment of any judgment recovered (Chap. 510, Laws of 1875). This might prove a link in' the chain of facts resulting eventually in exposing the witness to contribute towards the payment of the penalty. Against this liability he is protected by law (Code Civ. Pro., sec. 837; Henry agt. Salina Bank, 1 N. Y. R., 83).
It may be said that, because defect of parties defendant has not been pleaded, the presumption arises that no other trustees are liable; but this is without force in face of the fact that this action is for a penalty and the defendant is not obliged to admit any liability, nor is he called upon to inform the plaintiff of such defect. In any event, we should not speculate in theories to sustain the defendant’s position, it being sufficient that by express affirmative enactment this privilege is accorded to the witness.
When the court is satisfied that the question is within the exception, it is sufficient that the witness claims the benefit thereof, without inquiring in what manner he would be prejudiced by his answer.
Under all the circumstances, I think the witness should be sustained in his refusal to answer the question. The order appealed from should be reversed and an order entered sustaining the objections, with ten dollars costs and disbursements to appellant.